UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| LESLEY SALADO, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. |
| THE JAKOBY LAW FIRM d/b/a LUKEHEART AND ASSOCIATES, P.C. Defendant | ) | |

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.  Plaintiff, LESLEY SALADO, is an individual consumer residing in Boston, Suffolk County in the Commonwealth of Massachusetts.

4.  Defendant, THE JAKOBY LAW FIRM d/b/a LUKEHART AND ASSOCIATES P.C., is a corporation duly organized under the laws of COLORADO, and has its principal place of business at 7401 Church Ranch Boulevard, Suite 210, Westminster, Colorado 80021.

5.  Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.  Defendant regularly collects or attempts to collect debts for other parties.

7.  Defendant is a "debt collector" as defined in the FDCPA.

8.  Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.  Plaintiff incorporates paragraphs 1 through 8.

10. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

11. Defendant left the following message on Plaintiff's voice mail on her cellular telephone on or about the date stated:

<u>November 29, 2010 at approximately 11:26 a.m. - Cellular Phone</u>

> Hello Uh, Lesley, This is Rashard with the Law Office of Lukehart and Associates. It's Umm, there is only one more day within the month and uh, we definitely need some kind of resolution. I need for you to give me a call. That number is 877-396-5046. Talk to you soon, my extension is 1059.

12.     Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

13.     The messages are "communications" as defined by 15 U.S.C. §1692a(2). See <u>Berg v. Merchs. Ass'n Collection Div</u>., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

14.     Defendant failed to inform Plaintiff in some of the messages that the communication was from a debt collector, failed to inform the Plaintiff of its name and failed to disclose the purpose of Defendant's messages.

15.     Defendant knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

16.     Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone.

17.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

18. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

19. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

20. Plaintiff incorporates Paragraphs 1 through 19.

21. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Declaratory judgment that the defendant's conduct violated the Fair Debt Collection Practices Act;

    b. Statutory damages pursuant to 15 U.S.C. section 1692k;

    c. Attorney's fees, litigation expenses and costs of suit; and

    d. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

22. Plaintiff incorporates Paragraphs 1 through 19.

23. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and or that it is a debt collector and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Declaratory judgment that the defendant's conduct violated the Fair Debt Collection Practices Act.

    b. Statutory damages pursuant to 15 U.S.C. section 1692k;

    c. Attorney's fees, litigation expenses and costs of suit; and

    d. Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff incorporates Paragraphs 1 through 19.

25. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial

voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Statutory damages for each violation of the TCPA;

    b.    Statutory damages for each knowing or willful violation of the TCPA;

    c.    Attorney's fees, litigation expenses and costs of suit; and

    d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 31 day of May, 2011.

    JOSEPH W. GRUSS, ESQ.
    Attorney for Plaintiff
    Di Giacomo & Gruss
    2045 Centre Street
    West Roxbury, MA 02132
    Telephone: 617-323-3544
    Facsimile: 617-323-3548

    By: /s/ Joseph W. Gruss
    Joseph W. Gruss, BBO # 648109

    CHRISTIAN A. GONSALVES, ESQ.
    Attorney for Plaintiff
    Post Office Box 110
    East Boston, MA 02128
    Telephone: 617-970-1301
    Facsimile: 617-207-4349

    By: /s/ Christian A. Gonsalves
      Christian A. Gonsalves, BBO# 648326